IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY LOGAN BROWN,

           Plaintiff,

   v.

STATE OF OREGON DHS; PROVIDENCE
HEALTH & SERVICES – Oregon, abn
PROVIDENCE ELDERPLACE – PORTLAND,

           Defendants.

No. 3:15-cv-01140-HZ

OPINION & ORDER

Jerry Logan Brown
4233 SE 182nd Ave. #316
Gresham, OR 97030

   Pro se Plaintiff

Marc Abrams
Oregon Department of Justice
1515 SW 5th Ave., Ste. 410
Portland, OR 97201

   Attorney for Defendant State of Oregon DHS

//

1 - OPINION & ORDER

Christopher P. Allnatt
Brisbee and Stockton, LLC
139 NE Lincoln
P.O. Box 567
Hillsboro, OR 97123

> Attorney for Defendant Providence Health &
> Services – Oregon, abn Providence
> Elderplace – Portland

HERNÁNDEZ, District Judge:

Pro se plaintiff Jerry Logan Brown brings this suit against the State of Oregon Department of Human Services ("State of Oregon") and Providence Health & Services – Oregon ("Providence") in connection with end-of-life treatment Brown's parents received at Providence's ElderPlace facility in Gresham, Oregon. Both the State of Oregon and Providence (collectively "Defendants") separately move to dismiss Brown's claims for lack of subject matter jurisdiction and for failing to state a cognizable claim. This Opinion & Order addresses Providence's Motion to Dismiss [3], the State of Oregon's Motion to Dismiss [9], and Brown's Motion for Appointment of Counsel [12].

Although Brown asserts that he is bringing a claim under a federal statute, the Americans with Disabilities Act ("ADA"), the nature of his complaint is a state tort law claim, over which this Court does not subject matter jurisdiction. Moreover, he cannot rest his own claim for relief on the legal rights or interests of his parents, and he does not have the capacity to bring a claim on behalf of his parents. Accordingly, Brown's complaint is dismissed. As explained more fully below, the Court dismisses his complaint with prejudice because he cannot amend his complaint to sufficiently address its legal shortcomings. Finally, because the Court is dismissing Brown's complaint with prejudice, his motion for appointment of counsel is denied.

2 - OPINION & ORDER

STANDARDS

1. **Pro Se Plaintiffs**

The Ninth Circuit instructs courts to "construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). Still, a court's liberal interpretation of a pro se complaint "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant must be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

2. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The federal courts are courts of limited jurisdiction. Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). When the court lacks subject matter jurisdiction, the action must be dismissed. FED. R. CIV. P. 12(b)(1). "A court must presume that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." O'Neal v. Oregon Dep't of Justice, Div. of Child Support, No. 3:15-CV-00773-SI, 2015 WL 5308709, at *1 (D. Or. Sept. 10, 2015) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (quotation omitted); Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). While the court may hear evidence concerning subject-matter jurisdiction and resolve factual disputes where necessary, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the [court] from evaluating for itself the merits of jurisdictional claims." Oak Harbor Freight Lines, Inc. v. Harris, No. 3:13-CV-01100-HZ, 2013 WL 6576284,

at *4 (D. Or. Dec. 13, 2013) (quoting Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008)).

## DISCUSSION

**1. Brown's Complaint**

Before analyzing the merits of the Defendants' motions to dismiss, the Court sets out the relevant allegations in Brown's complaint. Brown invokes the Court's federal question jurisdiction and asserts that his claims arise under Title II of the Americans with Disabilities Act. Compl. at 2–3. His first claim is against the State of Oregon and alleges, in relevant part, as follows:

> [T]he State of Oregon has been involved in discrimination on the basis of disability by public entities, as acting by and through the Department of Human Services (DHS), implementing an unconstitutional custom or policy of withholding required services from the disabled, frail elderly participants in the PACE program being – William T. Brown and Gracie L. Brown, by failure to train its employees, thus demonstrating deliberate indifferent to an obvious need and requirement to train with the alleged result of employees violating the participants civils rights on many counts through failure to stop, prevent, or enforce against such actions of discrimination against the disabled, frail elderly PACE participants.
> . . .
> The Plaintiff alleges suffering long-term emotional stress and mental anguish by seeing his parent's civil rights withheld from them, as they had entered into a contractual agreement which guaranteed preventative and restorative services; a participant's bill of rights; the participant's rights to be involved in their own care; the participant's choice to designate a representative to assist them; and for their voice and choices to be heard and honored – all supported by federal law[.]

Complaint ("Compl.") at 6. Brown's second claim sets out his allegations against Providence:

> [Providence] . . . implemented an unconstitutional custom or policy of withholding required services from the disabled, frail elderly participants in the PACE program being – William T. Brown and Gracie L. Brown – for the duration of their enrollment from on or about November of 2011 until their deaths on Nov. 7, 2014 and Dec. 22, 2014 respectively.

4 - OPINION & ORDER

Compl. at 8. Over the next several pages, Brown details the ways in which he believes Providence withheld required services from his parents. He then repeats the allegation of his own injuries:

> The Plaintiff alleges suffering long-term emotional stress and mental anguish by seeing his parent's civil rights withheld from them, as they had entered into a contractual agreement which guaranteed preventative and restorative services[.]

Compl. at 10.

### 2. Defendants' Motions to Dismiss

Both the State of Oregon and Providence have moved to dismiss Brown's complaint for lack of subject matter jurisdiction and for failure to state a claim. Federal district courts are courts of limited jurisdiction, meaning they can only hear certain types of cases. Kokkonen, 511 U.S. at 377 (1994) ("[Federal courts] possess only that power authorized by Constitution and statute[.]"). As a general rule, there are two ways to invoke a district court's subject matter jurisdiction: by raising a so-called "federal question" or by bringing a suit in which the plaintiff and all defendants are residents of different states and the amount in controversy is more than $75,000 ("diversity jurisdiction"). Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

Federal question jurisdiction is controlled by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed

by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

Brown asserts that his claims arise under the ADA. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citing Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Brown's complaint does not contain facts that establish any of the required elements for a Title II ADA claim. Brown does not claim that he is disabled or that he was discriminated against on the basis of a disability. Instead, his complaint alleges that he "suffer[ed] long-term emotional stress and mental anguish by seeing his parent's civil rights withheld from them." Compl. at 6, 10. Brown's claim that he experienced emotional distress because of Defendants' conduct is a state law tort claim for infliction of emotional distress. See McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841, 849 (1995) (setting out the elements of a claim for intentional infliction of emotional distress as "(1) the defendant intended to inflict severe emotional distress

on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct."). That type of claim typically must be brought in state court.

The mere presence of a possibly relevant federal statute—in this case, the ADA—does not transform a state law tort claim into federal cause of action. See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 318 (2005) (explaining that federal courts do not generally have jurisdiction over state law tort claims, even though "[t]he violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings."); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810 (1986) (finding that the federal courts lacked federal question jurisdiction over a tort claim against a drug manufacturer whose product labeling was alleged to violate federal law); Chase Manhattan Bank (Nat. Ass'n) v. S. Acres Dev. Co., 434 U.S. 236, 238 (1978) ("whatever may be the ambiguities of the phrase 'arising under [the Constitution, treaties, and laws of the United States]'—it does not embrace all civil cases that may present questions of federal law.") (quotation omitted). At the risk of over-simplifying a very complex area of law, the question for determining whether a state law claim that contains a federal element can be heard in federal court is essentially whether answering the federal question is critical to the outcome of the case. See Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) ("That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

Brown does not ask the Court to analyze whether the Defendants' violated the ADA— his complaint seems to assume that conclusion. Instead, he asks the Court to determine whether Defendants' conduct in allegedly failing to administer proper care for his parents was sufficiently

7 - OPINION & ORDER

outrageous to justify a recovery of money damages. That is a purely a state law tort claim that does not require the Court to resolve a federal question, and thus the Court does not have subject matter jurisdiction over Brown's claims.

To the extent that Brown attempts to assert his parents' rights, that effort also fails. As a general rule, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991). Moreover, as a pro se litigant, he generally cannot pursue a claim on behalf of others in a representative capacity. Simon v. Harford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Brown states in his response to the Defendants' motion to dismiss that he was some sort of authorized representative for his parents. Pl. Resp. at 6. But the extent of his actual authority is ambiguous, and, in any event, he did not make that allegation in his complaint. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Accordingly, Brown's complaint is dismissed.

3. **Leave to Amend**

The next question is whether Brown's complaint should be dismissed with prejudice, or whether the Court should grant him leave to file an amended complaint. If a party is proceeding without counsel (commonly referred to as pro se), then a court should only dismiss the complaint without leave to amend if it is clear that the pleading's deficiencies cannot be cured by amendment. Alexander v. IRS, No. CIV. 08-6324-TC, 2009 WL 2830174, at *1 (D. Or. June 23, 2009) report and recommendation adopted, No. CIV. 08-6324-TC, 2009 WL 2351707 (D. Or. July 24, 2009) (citing Lucas v. Dep't of Corr., 66 F.3d 245, 248–49 (9th Cir.1995)).

Brown's complaint is dismissed with prejudice because any amendment would be futile. For example, even if he were able to sufficiently amend his complaint to address its jurisdictional defects, his claim for infliction of emotional distress would fail as a matter of law. The general rule for negligence under Oregon law is that the plaintiff must allege actual, physical harm. Lowe v. Philip Morris USA, Inc., 207 Or. App. 532, 545, 142 P.3d 1079, 1086 (2006). There are two exceptions to this general rule, though both require the plaintiff to make a showing that the defendant had some heightened duty to or special relationship with the plaintiff. First, a plaintiff can recover for purely economic loss without attendant physical injury if the negligent actor had a special, heightened duty beyond the common law duty to exercise reasonable care to prevent foreseeable harm. Id. at 552–53 (citing Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP, 336 Or. 329, 340–42, 83 P.3d 322, 327–28 (2004)). Such a duty can arise from a statute or from a "special relationship" between the parties. Bell v. Pub. Employees Ret. Bd., 239 Or. App. 239, 245–47, 247 P.3d 319, 323 (2010) (citations omitted). Second, a plaintiff can recover for negligent infliction of emotional distress in the absence of physical injury if the "defendant's conduct infringed on some legally protected interest apart from causing the claimed distress, even when that conduct was only negligent." Hammond v. Cent. Lane Commc'ns Ctr., 312 Or. 17, 23, 816 P.2d 593, 596 (1991).

As explained above, Brown essentially alleges that he suffered emotional distress because Providence violated his parents' rights. Specifically, he alleges that Providence should have provided his mother nutritional supplements, including vitamins B1, B12, and folate, and should have provided her an osteopath or naturopath to assist with the supplements. Those allegations address the relationship between Providence and Brown's mother; Brown does not allege any

heightened duty or special relationship between he and Providence upon which the Court could find a proper claim for negligent infliction of emotional distress.

If he amended his complaint to allege intentional infliction of emotional distress for the care administered to his parents, that too would fail because the facts underlying his claims—that Brown disagreed with health care providers at Providence over his parents' care—do not rise to level of an "extraordinary transgression of the bounds of socially tolerable conduct" as that term is understood under Oregon law. See Lathrope-Olson v. Oregon Dep't of Transp., 128 Or. App. 405, 407, 876 P.2d 345, 346 (1994) (finding evidence of an "extraordinary transgression" where the plaintiff, who was part Native American, alleged that her supervisor "regularly referred to her as a 'squaw' . . . [and told her] that 'all women were good for was between their legs.' On other occasions, while out on highway projects, [the supervisor] threatened to push plaintiff into the path of oncoming vehicles . . . [and] locked plaintiff out of the crew van when it was raining or snowing and no other shelter was near.").

Moreover, the conduct that Brown alleges was wrongful was directed at his parents, not at Brown himself. Delaney v. Clifton, 180 Or. App. 119, 130, 41 P.3d 1099, 1107 (2002) ("[a] 'special relationship' *between the parties* has played a role in every case in this state involving [a successful claim of IIED].") (emphasis added). Delaney is particularly instructive. The court in that case found that the plaintiff could not bring an IIED claim against the defendant, a therapist who had treated the plaintiff's wife, because there was not a relationship between the plaintiff-husband and the defendant-therapist. Id. at 131. Similarly here, the relationship at issue is between Providence and Brown's parents; Brown does not, and cannot, allege any relationship between he and Providence that would give rise to an intentional infliction of emotional distress claim on the facts alleged.

Moreover, Brown's subsequent court filings have established that he is not the authorized personal representative of either of his parents' estates. See Pl. Motion to Compel Production of Discovery, ECF No. 21, at 26 (a letter from Mr. Dan Brown, the person appointed by the Multnomah County Circuit Court as the Personal Representative for the estates of both William T. and Gracie Lee Brown). Therefore, Brown cannot allege any facts that would allow him to bring an ADA discrimination claim or wrongful death claim on behalf of his parents' estates. See FED. R. CIV. P. 17(b); ORS §§ 30.020; 115.305 (explaining that only an appointed personal representative can bring a claim on behalf of the estate).

Finally, nothing is Brown's lengthy briefing and exhibits filed in response to the Defendants' motions to dismiss indicate to the Court that Brown will be able to allege any additional facts that could state a viable claim. His response repeats the same factual allegations—that he was emotionally distraught over the care Providence provided his parents—and then attempts to restate that claim as a "breach of contract," a "discrimination suit," a "deprivation of rights," or as a claim for conduct that exceeds "the bounds of socially tolerable conduct." Pl. Response, ECF No. 13, at 3–4. But courts are required to look past a plaintiff's characterization of his claims and examine the facts alleged and the gravamen of the party's claim to determine how to analyze the case. See Magenis v. Fisher Broad., Inc., 103 Or. App. 555, 560, 798 P.2d 1106, 1109 (1990) (although the plaintiffs framed their claim as one of "false light," the Court found the factual allegations stated a claim that was clearly for defamation, and applied the statute of limitations for defamation). Similarly here, no matter how Brown characterizes his claim, he is alleging that he suffered severe emotional distress because of the way Defendants treated his parents. That is not a viable claim, and no amendment to the complaint will change that conclusion. Therefore, his complaint is dismissed with prejudice.

11 - OPINION & ORDER

**4. Motion for Appointment of Counsel**

Finally, Brown's motion for appointment of counsel is denied. A district court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). There is not, however, a constitutional right to counsel in a civil case, and 28 U.S.C § 1915 does not "authorize the appointment of counsel to involuntary service." United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved. Id. Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

As explained above, Brown's complaint does not state a legally sufficient claim, and any attempt to amend his complaint would be futile. Therefore, an appointment of counsel is not warranted.

//
//
//
//
//
//
//

12 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Defendant Providence's motion to dismiss [3] is granted, Defendant State of Oregon's motion to dismiss [9] is granted, and Brown's complaint is dismissed with prejudice. Additionally, Brown's motion for appointment of counsel [12] is denied. All other outstanding motions are denied as moot.

IT IS SO ORDERED.

Dated this 13 day of November, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

13 - OPINION & ORDER